UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JILL CARUSO**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:21-cv-11440 |
| v. | ) |
| | ) |
| **MONROE HOTEL SOLUTIONS INC.**, a | ) Judge: |
| Michigan corporation for profit, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, JILL CARUSO, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **MONROE HOTEL SOLUTIONS INC.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, JILL CARUSO ("Plaintiff") is a Michigan resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **MONROE HOTEL SOLUTIONS INC.** operates and owns the Econo Lodge Inn & Suites located at 6500 E Albain Rd, Monroe, MI 48161 in Monroe County. Plaintiff has patronized Defendant's hotel as an overnight guest previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **MONROE HOTEL SOLUTIONS INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7. Plaintiff uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On December 27, 2019, Plaintiff patronized the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff resides in Monroe County and frequents the retail, shopping, and other businesses in the area. In particular, she hosted her daughter's birthday party at Defendant's property on the above-mentioned date.

9. During the Plaintiff's stays on the night of December 27, 2019, Plaintiff encountered many architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Econo Lodge Inn & Suites, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Access to Goods and Services

   A. The swimming pool does not have an adaptive pool lift for use by disabled patrons, whereas two accessible means of entry are required and one must be a pool lift, in violation of the ADA whose remedy is readily achievable.

   B. The meeting room curtain adjusters are located above allowable reach range and require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

   C. There are no lowered coat hangers in the meeting room for use by disabled patrons, in violation of the ADA whose remedy is readily achievable.

   D. The breakfast area does not have at least 5% of accessible dining surfaces for use by disabled patrons, in violation of the ADA whose remedy is readily achievable.

   E. There are amenities in the breakfast area located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

   F. There are amenities in the Guest Laundry outside the accessible reach range height as well as without having accessible clearance for a front or side approaches to the amenity, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms:

   G. The lobby restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

   H. The paper towel dispenser does not have required maneuvering clearance for a forward approach due to the presence of a trash receptacle and is too high above the finish floor to its operable parts, in violation of the ADA whose remedy is readily achievable.

Designated Mobility Accessible Guestroom Number 124

   I. The designated mobility accessible guestroom contains amenities located in excess of allowable reach range including closet rods, safe, towel rack, and others, in violation of the ADA whose remedy is readily achievable.

    J. The mirror in the bathroom is located over 40 inches from the finish floor to its reflective surface, in violation of the ADA whose remedy is readily achievable.

    K. The roll-in shower controls are not located on the back wall adjacent the fixed shower seat, in violation of the ADA whose remedy is readily achievable.

    L. Grab bars inside the shower compartment are not compliant, in violation of the ADA whose remedy is readily achievable.

    M. The accessible guestroom handheld shower spray units do not contain an on/off control and non-positive shut-off, in violation of the ADA whose remedy is readily achievable.

    N. The water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

    O. Grab bars around the water closet are not compliant, in violation of the ADA whose remedy is readily achievable.

Type and Number of Designated Accessible Guestrooms

    P. Upon information and belief there are an insufficient total number of designated mobility accessible guestrooms, per the ADA implementing regulations which would require a total of four, in violation of the ADA whose remedy is readily achievable.

    Q. Upon information and belief the designated mobility accessible guestrooms are not disbursed among the various room types, including two queen bed rooms and suites.

Parking and Accessible Routes

    R. The designated accessible parking space access aisles do not lead to accessible routes due to curbs and ramps with cracks and changes in level, in violation of the ADA whose remedy is readily achievable.

    S. The hotel passenger loading area is not marked with a required vehicle pull up space and access aisle, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    T. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

    U. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Jill Caruso.

16. The discriminatory violations described in Paragraph 15 by Defendant **MONROE HOTEL SOLUTIONS INC.** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by **MONROE HOTEL SOLUTIONS INC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will

7

continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. **MONROE HOTEL SOLUTIONS INC.** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Caruso and others with mobility impairment handicap compliant transient lodging despite being provably on notice of

numerous physical barriers to handicap access at its hotel facility for a minimum of eight years and continuous operation of an ongoing business in those years (and prior years) without undertaking readily achievable barrier removal.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615

(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI